FILED

2010 FEB 19 AM 10:53

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY

Todd Friedman (216752)
tfriedman@attorneysforconsumers.com
LAW OFFICES OF TODD M. FRIEDMAN, P.C.
369 S. Doheny Dr. #415
Beverly Hills, CA 90211
877-206-4741 (phone)
866-633-0228 (fax)

Tammy Hussin (155290)
thussin@attorneysforconsumers.com
WEISBERG & MEYERS L.L.C.
6408 Merlin Dr.
Carlsbad, CA 92011
866-775-3666 x215 (phone)
866-577-0963 (fax)

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| HOLLY A. HILL<br>On behalf of herself and all others similarly situated<br>*Plaintiff,*<br><br>*v.*<br><br>GC SERVICES LIMITED PARTNERSHIP<br>*Defendant.* | CV10 1243 CBM (JEMx)<br><br>Case No.<br>Complaint for FDCPA Violations<br>Class Action<br>Demand for Jury Trial |

**ORIGINAL CLASS-ACTION COMPLAINT**

# Contents


**1 Introduction** **3**

**2 Parties** **4**

**3 Jurisdiction and venue** **5**

**4 Violation of the FDCPA** **5**

**5 Cause of action** **8**

**6 Class allegations** **8**
6.1 Class definition . . . . . . . . . . . . . . . . . . . . . . . . . 8
6.2 Rule 23(a) prerequisites . . . . . . . . . . . . . . . . . . . . . 8
6.3 Rule 23(b)(3) . . . . . . . . . . . . . . . . . . . . . . . . . . 10

**7 Prayer for relief** **11**

# 1 Introduction

**1.** This is a case under the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §1692 *et seq.* The FDCPA provides: "A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. §1692e. The FDCPA defines a variety of specific acts that constitute "false, deceptive, or misleading" debt-collection practices or that otherwise violate the FDCPA.

**2.** Whether a letter or other communication constitutes an unfair debt-collection practice is judged from the perspective of the "least sophisticated consumer." *See Swanson v. South Oregon Credit Services, Inc.*, 869 F.2d 1222, 1225–26 (9th Cir. 1988). "The basic purpose of the least-sophisticated-consumer standard is to ensure that the FDCPA protects all consumers, the gullible as well as the shrewd." *Clomon v. Jackson*, 988 F.2d 1314, 1318 (2d Cir. 1993).

**3.** The FDCPA provides for statutory damages of up to $1,000 per plaintiff. *See* 15 U.S.C. §1692k(a)(2)(A). The FDCPA also specifically provides for class actions against debt collectors. "[I]n the case of a class action, (i) such amount for each named plaintiff as could be recovered under subparagraph (A), and (ii) such amount as the court may allow for all other class members, without regard to a minimum individual recovery, not to exceed the lesser of $500,000 or 1 per centum of the net worth of the debt collector." 15 U.S.C. §1692k(a)(2)(B). In a class action, therefore, the statutory dam-

ages provided by the FDCPA are up to $1,000 for each named plaintiff plus a further amount up to the lesser of $500,000 or 1% of the defendant debt collector's net worth for the class members other than the named plaintiff.

**4.** The FDCPA also permits recovery of "the costs of the action, together with a reasonable attorney's fee as determined by the court." 15 U.S.C. §1692k(a)(3).

## 2 Parties

**5.** Plaintiff Holly Anne Hill resides and is domiciled in North Hollywood, California. Plaintiff may be served through her undersigned attorneys.

**6.** Plaintiff is a consumer as *consumer* is defined in the FDCPA because she is a natural person who is alleged by Defendant to be obligated to pay a debt. *See* 15 U.S.C. §1692a(3).

**7.** Defendant GC Services Limited Partnership is a company engaged in the business of attempting to collect debts by mail and telephone. Defendant's prinicpal place of business is in Houston, Texas. Defendant may be served at 6330 Gulfton, Houston, Texas 77081.

**8.** Defendant is a debt collector as *debt collector* is defined in the FDCPA. This is because Defendant uses the mails, the telephone system, and other instrumentalities of interstate commerce in a business, the principal purpose of which is to collect debt owed to third parties. *See* 15 U.S.C. §1692a(6). In this case, Defendant alleged that the debt Defendant sought to collect was owed to the United States Department of Education. The debt

that Defendant sought to collect is a debt as *debt* is defined in the FDCPA because it was a loan debt incurred for the personal use of the plaintiff. *See* 15 U.S.C. §1692a(5).

## 3 Jurisdiction and venue

**9.** This Court has subject-matter jurisdiction under 28 U.S.C. §1331 (federal question) and 15 U.S.C. §1692k(d) ("An action to enforce any liability created by this subchapter may be brought in any appropriate United States district court without regard to the amount in controversy").

**10.** This Court has personal jurisdiction over Defendant because Defendant undertakes continuous and systematic business activities in the form of its debt-collection business within this state; and the specific acts that give rise to this complaint, namely, the voice message attached to this complaint as Exhibit 1 was directed at this state and was received in this state.

**11.** Venue is appropriate in this district under 28 U.S.C. §1391(b) because this is the judicial district in which the plaintiff resides and received the objectionable voice message, and hence is a judicial district in which a substantial part of the events giving rise to this action took place.

## 4 Violation of the FDCPA

**12.** Exhibit 1 is a recording of the following debt-collection voicemail message, left by Defendant for Plaintiff, dated January 4, 2010 at 1:16pm:

**"Yes this message is for Holly Hill, this is [inaudible personal name], I need you to return my call today at 866 355 2285 my extension 5304."**

**13.** The message is a communication which violates, without limitation, the following statutory provisions: 15 U.S.C. §§1692d, 1692e(11), 1692e(10) and 1692f.

**14.** 15 U.S.C. §§1692d provides in relevant part: "A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section . . . (6) Except as provided in section 1692b of this title, the placement of telephone calls without meaningful disclosure of the caller's identity." 15 U.S.C. 1692d(6).

**15.** "The 'meaningful disclosure' required by section 1692d(6) has been made if an individual debt collector who is employed by a debt collection company accurately discloses the name of her employer and the nature of her business and conceals no more than her real name. . . . 15 U.S.C. 1692d(6) applies 'equally to automated message calls and live calls."' *See Hosseinzadeh v. M.R.S. Associates, Inc.*, 387 F.Supp. 2d 1104, 1115 (C.D. Cal. 2005)(internal citation omitted).

**16.** Defendant violated 1692d(6) when its employee failed to disclose defendant's identity and the nature of Defendant's business in the message left for Plaintiff on her voicemail. *See id.*

**17.** Defendant's message is a *communication* subjecting Defendant to the provisions 15 U.S.C. §1692e(11). 387 F.Supp. 2d 1104, 1116 (C.D. Cal. 2005) ("The Court concludes that the messages left by defendant on plaintiff's answering machine constitute 'communications.' . . While the message may not technically mention specific information about a debt or the nature of the call, §1692a(2) applies to information conveyed 'directly or indirectly.' Defendant conveyed information to plaintiff, including the fact that there was an important matter that she should attend to and instructions on how to do so").

**18.** Defendant has violated §1692e(11) because the message is a *communication* which does not convey the information required by §1692e(11), in particular, that the message was from a debt collector. *See e.g. Hosseinzadeh v. M.R.S. Associates, Inc.*, 387 F.Supp. 2d 1104, 1116 (C.D. Cal. 2005)("Because it appears that defendant's messages are 'communications' subjecting defendant to the provisions of §1692e(11), it also appears that defendant has violated §1692e(11) because the messages do not convey the information required by 1692e(11), in particular, that the messages were from a debt collector").

**19.** Defendant's message constitutes a "false representation or deceptive means to collect or attempt to collect" a debt in violation of 15 U.S.C. §1692e(10), and constitutes the use of an "unfair or unconscionable means to collect or attempt to collect any debt" in violation of 15 U.S.C. §1692f. 15 U.S.C. §§1692e(10), 1692f.

# 5 Cause of action

**20.** Plaintiff's sole cause of action are for violation of the above-cited provisions of the FDCPA. *See* 15 U.S.C. §1692k ("civil liability"). The facts alleged in this complaint satisfy the elements of a cause of action under those sections.

# 6 Class allegations

## 6.1 Class definition

**21.** Plaintiff seeks to prosecute this case as a class action on behalf of a class defined as follows:

> All natural persons located in Ninth Circuit who, within one year before the date of this complaint, received a voice message from Defendant in connection with an attempt to collect a debt, where the debt was incurred for personal, family, or household reasons and the Defendant was collecting the debt on behalf of a third party, and where the voice message fails to provide meaningful disclosure of Defendant's identity or the nature of the communication.

## 6.2 Rule 23(a) prerequisites

**22.** **Numerosity.** This is a voice message case. All debtors or alleged debtors who received voice messages like Exhibit 1 have exactly the same claim as the named plaintiff. Because Defendant is in the business of collecting debt and frequently uses voice messages in connection with that

business, the group of recipients of voice messages like Exhibit 1 is sufficiently numerous that it would be more efficient to address the claims of that group through a class action than through a multiplicity of individual actions. Defendant "GC Services handles approximately 20 million calls per month. . ." *See* http://www.gcserv.com.

**23. Common questions of fact and law.** The questions of fact and law are entirely common. The only question of fact is whether the debtors or alleged debtors received voice messages like Exhibit 1 and whether the Defendant sent those messages. This question of fact can be proved up by class members submitting the messages that they received when they file their claims. The questions of law are whether messages like Exhibit 1 violate the FDCPA as alleged in this complaint. That is, the only questions of law are exactly the same for others who received messages like Exhibit 1 as they are for the named plaintiff.

Whether a debt collector's communication violates the FDCPA is a legal question to be resolved by the court. *See e.g. Hosseinzadeh v. M.R.S. Associates, Inc.*, 387 F.Supp. 2d 1104, 1116 (C.D. Cal. 2005) ("The Court concludes that defendant violated §1692d(6) when its employees failed to disclose defendant's identity and the nature of defendant's business in the messages left on plaintiff's answering machine. Accordingly, the Court, sua sponte, finds it appropriate to treat the matter as a motion for summary judgment by plaintiff and to grant plaintiff's motion to the extent that there is no disclosure of defendant's identity or the nature of defendant's business").

**24. Typicality.** The named plaintiff is entirely typical of the class. She received the voice message attached as Exhibit 1. Because the only issue is whether that message violates the FDCPA, the plaintiff is typical of the class in the only relevant respect: she received the allegedly unlawful voice message.

**25. Adequacy of representation.** The named plaintiff is an adequate class representative. She has chosen to vigorously pursue her claims. And she has engaged qualified class counsel specializing in consumer law that have prosecuted literally thousands of FDCPA cases around the country, as well as counsel specializing in complex commercial litigation that regularly handle sophisticated, bet-the-company commercial cases around the country. Counsel have experience prosecuting and defending federal class actions.

## 6.3 Rule 23(b)(3)

**26.** This class should be certified under Rule 23(b)(3).

**27.** The common questions of law and fact predominate in this case because the only questions are common: whether messages like Exhibit 1 were sent and received and whether that message identified in this complaint violates the provisions of the FDCPA identified in this complaint. There are no other questions of law or fact. Thus, the common questions predominate.

**28.** The class members have no substantial interest in controlling the prosecution of this case individually. The questions are entirely common and the legal strategy with respect to those questions is clear. The princi-

pal arguments have already been spelled out in this complaint. They are straightforward. And, in a class action, the plaintiffs will have the services of counsel familiar with complex litigation who would not have adequate incentive to handle these cases on an individual basis.

**29.** There does not appear to be substantial preexisting litigation about these issues.

**30.** There is no reason why concentrating litigation in this forum would be undesirable. This forum is convenient for Defendant, which does substantial business in this district, including attempting to collect the debt that is the subject of the named plaintiff's claim.

**31.** No special difficulties are posed in managing this class action. The law involved is entirely federal, so there are no choice-of-law issues to concern the court. And, because the claims are based entirely on recorded messages — like Exhibit 1 — the evidence in the class action will be no more difficult to handle than it would be in individual cases.

# 7 Prayer for relief

**32.** Plaintiff demands trial by jury on all issues.

**33.** Plaintiff prays for relief as follows:

- class certification as described in §6;
- appointment of counsel for named plaintiff as lead class counsel;
- statutory damages, costs, and attorneys' fees as provided for in 15 U.S.C. §1692k;

- pre- and post-judgment interest; and
- all other relief to which she is entitled in equity or at law.

DATED: February 5, 2010

Respectfully submitted,

Todd Friedman (216752)
tfriedman@attorneysforconsumers.com
LAW OFFICES OF TODD M. FRIEDMAN, P.C.
369 S. Doheny Dr. #415
Beverly Hills, CA 90211
877-206-4741 (phone)
866-633-0228 (fax)

Tammy Hussin (155290)
thussin@attorneysforconsumers.com
WEISBERG & MEYERS L.L.C.
6408 Merlin Dr.
Carlsbad, CA 92011
866-775-3666 x215 (phone)
866-577-0963 (fax)

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Consuelo B. Marshall and the assigned discovery Magistrate Judge is John E. McDermott.

The case number on all documents filed with the Court should read as follows:

**CV10- 1243 CBM (JEMx)**

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

---

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

[X] **Western Division**
**312 N. Spring St., Rm. G-8**
**Los Angeles, CA 90012**

[ ] **Southern Division**
**411 West Fourth St., Rm. 1-053**
**Santa Ana, CA 92701-4516**

[ ] **Eastern Division**
**3470 Twelfth St., Rm. 134**
**Riverside, CA 92501**

Failure to file at the proper location will result in your documents being returned to you.

Original

Todd M. Friedman, Esq.
Law Offices of Todd M. Friedman, P.C.
369 S. Doheny Dr., #415
Beverly Hills, CA 90211

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| HOLLY A. HILL, On behalf of herself and all others similarly situated<br>PLAINTIFF(S)<br>v.<br>GC SERVICES LIMITED PARTNERSHIP,<br>DEFENDANT(S). | CASE NUMBER<br>CV10 1243 CBM (JEMx)<br><br>**SUMMONS** |

TO: DEFENDANT(S): GC SERVICES LIMITED PARTNERSHIP

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ ______________ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, Todd M. Friedman, whose address is Law Offices of Todd M. Friedman, 369 S. Doheny Dr., #415, Beverly Hills, CA 90211. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: FEB 19 2010

By: CHRISTOPHER POWERS
Deputy Clerk

*(Seal of the Court)*

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
HOLLY A. HILL

**DEFENDANTS**
GC SERVICES LIMITED PARTNERSHIP

**(b)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
Todd M. Friedman, Esq, Law Offices of Todd M. Friedman, P.C.
369 S. Doheny Dr., #415, Beverly Hills, CA 90211

Attorneys (If Known)

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff
☑ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES -** For Diversity Cases Only (Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☑ 1 Original Proceeding ☐ 2 Removed from State Court ☐ 3 Remanded from Appellate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district (specify): ☐ 6 Multi-District Litigation ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☑ Yes ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☑ Yes ☐ No ☐ **MONEY DEMANDED IN COMPLAINT: $**________

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
15 USC 1692 Violation of the Fair Debt Collection Practices Act

**VII. NATURE OF SUIT (Place an X in one box only.)**

**OTHER STATUTES**
☐ 400 State Reapportionment
☐ 410 Antitrust
☐ 430 Banks and Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation
☐ 470 Racketeer Influenced and Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Sat TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☑ 890 Other Statutory Actions
☐ 891 Agricultural Act
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 895 Freedom of Info. Act
☐ 900 Appeal of Fee Determination Under Equal Access to Justice
☐ 950 Constitutionality of State Statutes

**CONTRACT**
☐ 110 Insurance
☐ 120 Marine
☐ 130 Miller Act
☐ 140 Negotiable Instrument
☐ 150 Recovery of Overpayment & Enforcement of Judgment
☐ 151 Medicare Act
☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans)
☐ 153 Recovery of Overpayment of Veteran's Benefits
☐ 160 Stockholders' Suits
☐ 190 Other Contract
☐ 195 Contract Product Liability
☐ 196 Franchise

**REAL PROPERTY**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**TORTS**
**PERSONAL INJURY**
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Fed. Employers' Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Personal Injury-Med Malpractice
☐ 365 Personal Injury-Product Liability
☐ 368 Asbestos Personal Injury Product Liability

**IMMIGRATION**
☐ 462 Naturalization Application
☐ 463 Habeas Corpus-Alien Detainee
☐ 465 Other Immigration Actions

**TORTS**
**PERSONAL PROPERTY**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**BANKRUPTCY**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**CIVIL RIGHTS**
☐ 441 Voting
☐ 442 Employment
☐ 443 Housing/Accommodations
☐ 444 Welfare
☐ 445 American with Disabilities - Employment
☐ 446 American with Disabilities - Other
☐ 440 Other Civil Rights

**PRISONER PETITIONS**
☐ 510 Motions to Vacate Sentence Habeas Corpus
☐ 530 General
☐ 535 Death Penalty
☐ 540 Mandamus/ Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**FORFEITURE / PENALTY**
☐ 610 Agriculture
☐ 620 Other Food & Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 R.R. & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety /Health
☐ 690 Other

**LABOR**
☐ 710 Fair Labor Standards Act
☐ 720 Labor/Mgmt. Relations
☐ 730 Labor/Mgmt. Reporting & Disclosure Act
☐ 740 Railway Labor Act
☐ 790 Other Labor Litigation
☐ 791 Empl. Ret. Inc. Security Act

**PROPERTY RIGHTS**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**SOCIAL SECURITY**
☐ 861 HIA (1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g))
☐ 864 SSID Title XVI
☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
☐ 870 Taxes (U.S. Plaintiff or Defendant)
☐ 871 IRS-Third Party 26 USC 7609

**FOR OFFICE USE ONLY:** Case Number: CV10 1243

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No ☐ Yes
If yes, list case number(s):

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑ No ☐ Yes
If yes, list case number(s):

**Civil cases are deemed related if a previously filed case and the present case:**
(Check all boxes that apply) ☐ A. Arise from the same or closely related transactions, happenings, or events; or
☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Texas |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
**Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

*** Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): ______________ **Date** February 12, 2010

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |